RECEIPT # 48995
MOUNT $ 150
SUMMONS ISSUED
CAL RULE 4.1
IVER FORM
ISSUED
PTY. CLK. N53

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JENZABAR, INC.,
                              Plaintiff,
v.

DYNAMIC CAMPUS SOLUTIONS, LLC,
MICHAEL L. GLUBKE, RICHARD W.
MIDDAUGH and DOROTHY HESS,
                              Defendants.

Civil Action No. 03-11345 RWZ

MAGISTRATE JUDGE _Alexander_

## COMPLAINT

Plaintiff Jenzabar, Inc. ("Jenzabar") brings this action against defendants Dynamic Campus Solutions, LLC ("DCS"), Michael L. Glubke ("Glubke"), Richard W. Middaugh ("Middaugh") and Dorothy Hess ("Hess"). Glubke, Middaugh and Hess (the "Individual Defendants"), all worked for Jenzabar or its affiliate, CARS Information Systems ("CARS"). In violation of their obligations, they formed DCS specifically intending to trade off the confidential information they obtained during their prior employment. Since establishing DCS, they have done so, in violation of Jenzabar's rights, their obligations, and in many cases, in violation of express contractual agreements. Jenzabar now brings this action to recover damages that it has sustained as a result of the conduct of DCS and the Individual Defendants, and to obtain injunctive relief against future breaches.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Jenzabar, Inc. is a corporation duly organized under the laws of Delaware, with a principal place of business at 5 Cambridge Center, Cambridge, Middlesex County, Massachusetts 02142.

2.     Defendant Dynamic Campus Solutions, LLC ("DCS"), is a limited liability company with a principal place of business at 43 Pamela Way, Coto de Caza, CA 92679.

3.     Michael L. Glubke is an individual who, upon information and belief, resides at 28371 El Sur, Laguna Niguel, CA 92677.

4.     Richard W. Middaugh is an individual who, upon information and belief, resides at 67 Creek Bluff Way, Ormond Beach, Florida 32174.

5.     Dorothy Hess is an individual who, upon information and belief, resides at 1042 Butte Street, Claremont, CA 91711.

6.     This Court has subject matter jurisdiction over the defendants pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1867, as this complaint contains counts arising under the laws of the United States, is between citizens of different states with an amount in controversy in excess of $75,000, contains counts relating to unfair competition, and contains counts over which the Court has supplemental jurisdiction.

7.     This Court has personal jurisdiction over the defendants pursuant to M.G.L. c. 223A, § 3.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### Jenzabar's Acquisition Of CARS

9.     Jenzabar is a leading provider of enterprise software and solutions to institutions of higher education. Jenzabar's products include Web-based enterprise software with student, institutional advancement, human resources, and financial

2

applications; e-learning solutions; and an enterprise information portal. By using Jenzabar's technology and software, an institution can conduct virtually all of its business, including admissions, financial aid, course registration, course development, e-learning, and alumni fundraising.

10.    Prior to March 2000, Glubke was Vice President of Sales & Marketing of CARS Information Systems Corporation ("CARS"), a company that developed and supported administrative computer systems for educational institutions.

11.    In or about March 2000, Jenzabar purchased all of the stock of CARS.

<u>Glubke's Wrongful Conduct While Employed By Jenzabar/CARS</u>

12.    As Vice President of Sales & Marketing of CARS and Jenzabar, Glubke acquired a thorough knowledge of the products, the sales strategies and practices, the pricing, the technology, the customer information and other trade secrets of CARS and then Jenzabar.

13.    In addition, as an employee of Jenzabar and member of its management team, Glubke owed fiduciary duties to Jenzabar, including duties of utmost loyalty.

14.    Glubke resigned from Jenzabar on or about May 15, 2002, without providing the requisite notice required by, and thus in breach of, his contract. While still employed by Jenzabar, however, Glubke committed numerous wrongful acts.

15.    Glubke failed to perform the duties and functions the office of Vice President of Sales & Marketing for some time prior to his resignation.

3

16.     Glubke purported to release at least two employees from the terms of each's non-competition and non-disclosure agreements with Jenzabar, despite the fact that he had no authority to do so. His unauthorized action has caused substantial competitive harm to Jenzabar.

17.     Glubke failed to disclose and affirmatively misrepresented the employment status of another Jenzabar employee, Jody Skjerven, while she interviewed for and ultimately accepted a position with SCT Corporation, one of Jenzabar's primary competitors.

18.     Glubke communicated with third parties in an attempt to undermine Jenzabar's business objectives and opportunities.

19.     Glubke made disparaging comments regarding Jenzabar's management to third parties.

### The Formation Of DCS And Liability Of The Individual Defendants For The Wrongful Conduct Of DCS

20.     After resigning from Jenzabar, Glubke formed DCS with the deliberate intent to profit from the confidential information that he and the other Individual Defendants had acquired in the course of each's employment with Jenzabar/CARS.

21.     Defendant Richard Middaugh is also a former Jenzabar employee who is bound by a Confidentiality, Non-Competition, Non-Solicitation and Invention Agreement that precludes him, for a period of two years following the termination of his employment from Jenzabar, from, among other things: "(1) directly or indirectly owning, managing, operating, controlling, being employed by . . . any business, venture or activity that competes with or provides similar services" to Jenzabar; (2) soliciting Jenzabar employees; and (3) contacting Jenzabar customers. This

4

agreement also contains an unlimited confidentiality provision that precludes Middaugh from disclosing "any confidential information relating to Jenzabar's business or prospects."

22.   Middaugh's last date of employment with Jenzabar was March 21, 2002. Notwithstanding his legal obligation not to do so (an obligation that Glubke and DCS were fully aware of), he joined with Glubke as CEO of DCS. Middaugh's role as CEO of DCS constitutes a direct violation of his contractual duties.

23.   Defendant Dorothy Hess is another former Jenzabar employee who was bound by a confidentiality and non-competition agreement. Despite her similar obligation not to compete with Jenzabar, upon information and belief, she now works for DCS as a Senior Consultant, has used Jenzabar's confidential information, and has been directly involved in the solicitation of Jenzabar customers.

24.   DCS is engaged in direct competition with Jenzabar, and has made targeted appeals to Jenzabar customers touting its experience in a fashion that directly trades off of the confidential information that the Individual Defendants gained while they were employed by Jenzabar and its subsidiaries.

25.   DCS' key personnel are thus all former CARS and/or Jenzabar employees, and they have constituted and positioned DCS in a conscious effort to compete with Jenzabar unfairly and trade off Jenzabar's confidential information. The Individual Defendants are thus personally responsible for DCS' violation of Jenzabar's rights, in addition to their own wrongful conduct.

## The Wrongful Acts Of DCS And The Individual Defendants

26.   DCS has sent at least one letter to a Jenzabar customer, signed by Glubke and Hess, in which DCS refer directly to Jenzabar's POISE (now PX) system and appears to offer consulting services relating to the customer's use and license of Jenzabar's POISE (PX) software system.  The letter is not only factually inaccurate, but also it intentionally trades on the confidential information that the Individual Defendants acquired while employed by Jenzabar and its subsidiaries.  Upon information and belief, DCS has similarly targeted other Jenzabar customers.

27.   DCS has also sold products to one or more Jenzabar customers under circumstances in which it could not have developed and/or sold those products had it not been for the confidential information that the Individual Defendants obtained in the course of their employment with Jenzabar and CARS.

28.   DCS has used confidential information obtained by the Individual Defendants to interfere with contractual and prospective contractual relations with Jenzabar customers.  DCS has also interfered with contractual and prospective contractual relations with Jenzabar customers by other means.

29.   DCS' web site also contains misrepresentations.

30.   DCS personnel have contacted Jenzabar's third-party vendors and suppliers in an effort to interfere with Jenzabar's relationships with those entities and to ascertain sensitive and proprietary commercial information.

31.   DCS personnel have also contacted Jenzabar's employees in an effort to interfere with Jenzabar's relationships with those employees by offering such

6

employees employment with DCS, and to ascertain sensitive and proprietary commercial information, in violation of their nondisclosure obligations.

32.    In October 2002, Glubke approached Jenzabar about the possibility of entering into a private label arrangement whereby Glubke would change the graphic user interface on Jenzabar's CX product and sell it to institutions.  Upon information and belief, when Glubke did not receive Jenzabar's permission, he chose to go forward with that plan without authorization.

## COUNT I: VIOLATION OF LANHAM ACT § 43(a), 15 U.S.C. § 1125(a)
### Unfair Competition and False Advertising
### (All Defendants)

33.    Jenzabar restates and re-alleges all of the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34.    As described above, the defendants' wrongful conduct includes (but is not limited to) the making of affirmative misrepresentations regarding their own experience and DCS.  The defendants' misrepresentations constitute false advertising and/or unfair competition in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

35.    Upon information and belief, the defendants' misrepresentations were made or distributed in interstate commerce in connection with commercial advertising or promotion.

36.    The defendants' misrepresentations are likely to confuse or deceive an appreciable number of consumers, materially influencing their purchasing decisions.

37.    The defendants' misrepresentations are likely to continue unless restrained and enjoined.

38.    The defendants' misrepresentations are likely to cause injury to the consuming public and/or Jenzabar.

39.    As a result of the defendants' misrepresentations, Jenzabar has suffered and will continue to suffer damage and losses, including but not limited to, irreparable injury to its business reputation and goodwill.  Jenzabar is entitled to injunctive relief and to an order compelling the impounding of false advertising and providing corrective advertising.

40.    As a result of the defendants' conduct, Jenzabar has sustained substantial damages.

## COUNT II: BREACH OF CONTRACT (The Individual Defendants)

41.    Jenzabar restates and re-alleges all of the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.    Jenzabar has valid and enforceable contracts with Glubke, Middaugh and Hess that are clear and definite in all of their material terms.

43.    Jenzabar has fully performed its obligations under the contracts.

44.    Glubke, Middaugh and Hess have materially breached the terms of these contracts.

45.    Jenzabar has been damaged as a result of these breaches.

46.    In addition to an award of damages, Jenzabar is entitled to an order enjoining Middaugh and Hess from any further violations of their contracts.

8

## COUNT III: BREACH OF DUTY (The Individual Defendants)

47.     Jenzabar restates and re-alleges all of the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     By virtue of their employment with Jenzabar, the Individual Defendants owed duties of loyalty including fiduciary duties to Jenzabar and CARS.

49.     As described herein, the Individual Defendants breached their duties to Jenzabar and CARS by, among other things, disclosing confidential information to third parties.

50.     As a result of the Individual Defendants' breaches of their duties, Jenzabar has sustained substantial damages.

## COUNT IV: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS (All Defendants)

51.     Jenzabar restates and re-alleges all of the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     As described above, the defendants have knowingly and intentionally interfered with Jenzabar's contractual relationships with its customers, vendors, and employees.

53.     The defendants' interference was been improper in motive and/or means.

54.     As a result of the defendants' conduct, Jenzabar has sustained substantial damages.

9

## COUNT V: UNFAIR AND DECEPTIVE TRADE PRACTICES IN VIOLATION OF M.G.L. c. 93A, § 11 (DCS)

55. Jenzabar restates and re-alleges all of the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56. At all times relevant to this Complaint, both DCS and Jenzabar were engaged in trade or commerce within the meaning of M.G.L. c. 93A, §§ 2 and 11.

57. DCS' unfair or deceptive acts or practices occurred primarily and substantially within the Commonwealth of Massachusetts for the purposes of M.G.L. c. 93A, § 11, because, among other things, the harm resulting to Jenzabar was suffered in Massachusetts where Jenzabar is located.

58. DCS committed unfair or deceptive acts or practices within the meaning of M.G.L. c. 93A, §§ 2 and 11 by the conduct alleged above.

59. DCS' unfair or deceptive acts or practices, as described above, were willful or knowing within the meaning of M.G.L. c. 93A, §§ 2 and 11.

60. As a result of the DCS' conduct, Jenzabar has sustained substantial damages.

## REQUEST FOR RELIEF

WHEREFORE, Jenzabar respectfully prays that the Court:

1. Enter judgment for Jenzabar and against each defendant named in each count above;

2. Enter an order temporarily and permanently enjoining the defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with the defendants, from:

    a. further solicitation of Jenzabar customers, employees, and vendors and interference with Jenzabar's contractual relationships with its customers, employees, and vendors, whether directly or indirectly;

10

b. offering products and services that compete with Jenzabar's products and services or that infringe any of Jenzabar's property rights;

c. using or disclosing any of Jenzabar's confidential information;

d. making reference on DCS' web site or in its advertising to Jenzabar customers and former customers, and making reference to Jenzabar with the exception of a single, prominently posted disclaimer on the main page of the web site making clear that DCS is not affiliated with or sponsored by Jenzabar and providing a link to Jenzabar's web site at www.jenzabar.net; and

e. further violating Jenzabar's rights.

3. Award Jenzabar damages against each of the defendants in an amount to be determined at trial;

4. Award Jenzabar attorneys' fees, costs, interest, and enhanced, special, statutory and/or punitive damages to the fullest extent allowed by law; and

5. Grant Jenzabar such other and further relief as this Court may deem just and proper.

JENZABAR, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

By: _Daniel K. Hampton_

Edward J. Naughton (BBO #600059)
Daniel K. Hampton (BBO #634195)
10 St. James Ave.
Boston, MA 02116
(617) 523-2700

Dated:  July _16_, 2003
        Boston, Massachusetts

BOS1 #1356022 v5

11