UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENZABAR, INC. and CARS INFORMATION SOLUTIONS CORPORATION, )<br>)<br>)<br>)<br>Plaintiffs,                             )<br>)<br>v.                                              )<br>)<br>DYNAMIC CAMPUS SOLUTIONS, )<br>LLC, MICHAEL L. GLUBKE, RICHARD )<br>W. MIDDAUGH and DOROTHY HESS, )<br>)<br>Defendants.                            )<br>_____) | CIVIL ACTION NO. 03-11345 NMG |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Now come Defendants Dynamic Campus Solutions, LLC ("DCS"), Michael L. Glubke, Richard W. Middaugh and Dorothy Hess (collectively "Defendants"), and answer the Amended Complaint as follows:

1.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, deny same.

2.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, therefore, deny same.

3.   Defendants admit the allegations of paragraph 3 of the Complaint.

4.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, deny same. Defendants further state that Mr. Glubke resides at 48 Pamela Way, Coto de Caza, California.

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit the allegations of paragraph 6 of the Complaint.

7. Defendants state that paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 7 contains any factual allegations, Defendants deny same.

8. Defendants state that paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 8 contains any factual allegations, Defendants deny same.

9. Defendants state that paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 9 contains any factual allegations, Defendants deny same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, deny same.

11. Defendants deny the allegations of paragraph 11 of the Complaint, except Defendants admit that Mr. Glubke was employed as Vice President of CARS Information Systems Corporation ("CARS") from 1997 through 2000.

12. Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, deny same.

15. Defendants deny the allegations of paragraph 15 of the Complaint, except admit that Mr. Glubke had knowledge regarding the sales practices, pricing and customer information of CARS.

16. Defendants state that paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 16 contains any factual allegations, Defendants deny same.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint, except admit that Mr. Glubke resigned from Jenzabar, Inc. ("Jenzabar") in May, 2002.

23. Defendants deny the allegations of paragraph 23 of the Complaint, except admit that Mr. Glubke formed DCS in October, 2002.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint. Defendants further answer that Jenzabar terminated Mr. Middaugh's employment in February, 2002.

26. Defendants deny the allegations of paragraph 26 of the Complaint, except admit that Mr. Glubke formed DCS in October, 2002 and that Mr. Middaugh serves as a consultant to DCS.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint, except admit that Ms. Hess was employed by CARS/Jenzabar from April, 2000 to November, 2001, at which time Jenzabar terminated her employment.

29. Defendants deny the allegations of paragraph 29 of the Complaint, except admit that Ms. Hess performs work for DCS as an independent contractor.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint, except admit that they have sent letters referring to POISE Systems.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants state that paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 41 contains any factual allegations, Defendants deny same.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

## COUNT I:  LANHAM ACT §43(a), 15 U.S.C. §1125(a)

48. Defendants repeat and reallege the answers to paragraphs 1 through 47 as set forth above

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

## COUNT II: COPYRIGHT INFRINGEMENT

56. Defendants repeat and reallege the answers to paragraphs 1 through 55 as set forth above.

57. Defendants state that paragraph 57 of the Complaint contains legal conclusions to which no response is required.  To the extent that paragraph 57 contains any factual allegations, Defendants deny same.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

## COUNT III: BREACH OF CONTRACT

64. Defendants repeat and reallege the answers to paragraphs 1 through 63 as set forth above.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

## COUNT IV: BREACH OF DUTY

70. Defendants repeat and reallege the answers to paragraphs 1 through 69 as set forth above.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants deny the allegations of paragraph 73 of the Complaint.

## COUNT V: INTENTIONAL INTEFERENCE WITH CONTRACTUAL RELATIONS

74. Defendants repeat and reallege the answers to paragraphs 1 through 73 as set forth above.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

## COUNT VI: UNFAIR AND DECEPTIVE TRADE PRACTICES

78. Defendants repeat and reallege the answers to paragraphs 1 through 77 as set forth above.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

83. Defendants deny the allegations of paragraph 83 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By their words and conduct, Plaintiffs are estopped from pursuing their claims.

### THIRD AFFIRMATIVE DEFENSE

By their words and conduct, Plaintiffs have waived their claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by failure of consideration.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have no legitimate business interests to protect and therefore are precluded from enforcing the purported covenants not to compete as they violate public policy.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery by reason of their own breach of contracts with Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

The purported covenants not to compete are an unreasonable restraint of trade that adversely affects legitimate competition.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### NINTH AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiffs' complaint are wholly and substantial, frivolous and not advanced in good faith within the meaning of Massachusetts General Laws, Chapter 231, §6F.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they materially breached their contractual obligations to Defendants prior to any alleged breach by Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

This Court is without jurisdiction over the persons of Defendants.

### COUNTERCLAIMS

1. Plaintiff-in-counterclaim, Michael L. Glubke, resides at 48 Pamela Way Coto de Caza, California 92679.

2. Plaintiff-in-counterclaim, Richard W. Middaugh, resides at 67 Creek Bluff Way, Ormond Beach, Florida 32174.

3. Upon information and belief, Defendant-in-counterclaim Jenzabar, Inc. ("Jenzabar") is a corporation with a place of business at 5 Cambridge Center, Cambridge, Massachusetts 02142.

4. Upon information and belief, Defendant-in-counterclaim, CARS Information Solutions ("CARS"), is a corporation with places of business in Ohio and Massachusetts.

5. Prior to March, 2000, Mr. Glubke was employed by CARS.

6. In March, 2000, Jenzabar purchased all of the stock of CARS, and CARS continued to operate as a division of Jenzabar.

7. From March, 2000 through May, 2002 Mr. Glubke was employed by Defendants.

8. Mr. Glubke resigned from Defendants in May, 2002.

9. At the time Mr. Glubke resigned from Defendants, he entered into a severance agreement with Defendants in which Defendants agreed, among other things, to continue to pay Mr. Glubke his salary at the pro rated rate of $125,000 per year through December 31, 2002.

10. In September, 2002 Defendants, without proper cause, stopped paying Mr. Glubke under their agreement when they learned that Mr. Glubke had relocated to California.

11. As a result, Defendants failed to pay Mr. Glubke for the period from September 16, 2002 through December 31, 2002.

12. Jenzabar hired Mr. Middaugh as Area Vice President in March, 2001 and entered into an agreement with Mr. Middaugh to pay his salary at the rate of $175,000 per year for a period of one year.

13. Despite having entered into this agreement with Mr. Middaugh, Jenzabar unilaterally and without proper cause reduced Mr. Middaugh's salary in December, 2001 and began paying him at a rate of $100,000 per year.

14. Jenzabar terminated Mr. Middaugh's employment in March, 2002.

15. After terminating his employment, Jenzabar refused to reimburse Mr. Middaugh for reasonable and necessary business expenses he incurred while employed by Jenzabar.


## COUNT I
### (Breach of Contract – Mr. Glubke v. Defendants)

16. Plaintiff-in-counterclaim, Mr. Glubke, repeats and realleges paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. As a direct and proximate result of Defendants' repeated and continuing breach of its contractual obligations, Mr. Glubke has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff-in-counterclaim, Mr. Glubke, demands judgment against Defendants in an amount to be determined by the Court, plus interest, costs, attorneys' fees and other such relief as this Court deems just and proper.

## COUNT II
### (Breach of Contract – Mr. Middaugh v. Jenzabar)

18. Plaintiff-in-counterclaim, Mr. Middaugh, repeats and realleges paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. As a direct and proximate result of Jenzabar's repeated and continuing breach of its contractual obligations, Mr. Middaugh has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff-in-counterclaim, Mr. Middaugh, demands judgment against Jenzabar in an amount to be determined by the Court, plus interest, costs and other such relief as this Court deems just and proper.

## COUNT III
### (Conversion – Mr. Middaugh v. Jenzabar)

20. Plaintiff-in-counterclaim, Mr. Middaugh, repeats and realleges paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. Jenzabar's use and/or retention of monies owed to Mr. Middaugh for expenses he incurred while employed by Jenzabar, constitutes the wrongful exercise of dominion and control over such monies.

22. Jenzabar has unlawfully converted monies owed to Mr. Middaugh.

23. Jenzabar is obligated to restore to Mr. Middaugh the value of his assets which it has converted.

WHEREFORE, Mr. Middaugh demands judgment against Jenzabar in an amount to be determined by the Court, plus interest, costs and other such relief as this Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a jury trial on all claims and counterclaims so triable.

DYNAMIC CAMPUS SOLUTIONS, LLC,
MICHAEL L. GLUBKE,
RICHARD W. MIDDAUGH and
DOROTHY HESS,

By their Attorneys,

/s/  Kathryn E. Abare
David M. Felper, BBO #162460
Kathryn E. Abare, BBO #647594
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
(508) 926-3452

Dated: July 9, 2004