UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENZABAR, INC. and CARS INFORMATION SYSTEMS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC CAMPUS SOLUTIONS, LLC, MICHAEL L. GLUBKE, RICHARD W. MIDDAUGH and DOROTHY HESS,<br><br>Defendants. | Civil Action No. 03-11345 NMG |

## PLAINTIFFS' REPLY TO COUNTERCLAIMS

The plaintiffs, Jenzabar, Inc. and CARS Information Systems Corporation (collectively "Jenzabar"), by and through their attorneys, Holland & Knight LLP, answer the counterclaims of the defendants, Dynamic Campus Solutions, LLC ("Dynamic Solutions"), Michael L. Glubke ("Glubke"), Richard W. Middaugh ("Middaugh") and Dorothy Hess ("Hess") (collectively the "Defendants") as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted that CARS Information Solutions Corporation ("CARS") was formerly a corporation with a place of business in Ohio, and has now been merged into Jenzasoft, Inc., a corporation with a places of business in Massachusetts and Ohio. The remaining allegations in this paragraph are denied.

5. Admitted.

6. Denied.

# 2194118_v1

7. Admitted that Glubke was employed by CARS from March 2000 through May 2002, in accordance with an employment agreement between the parties dated March 16, 2000 (the "Employment Agreement"), the terms of which document speak for themselves. The remaining allegations in this paragraph and any characterizations of the Employment Agreement are denied.

8. Admitted that Glubke purported to resign from his employment with CARS in May 2002 after he was repeatedly informed that his seriously deficient performance would lead to termination. Further answering, Glubke failed, however, to provide the required notice and otherwise failed to comply with the terms of the Employment Agreement. The remaining allegations in this paragraph and any characterizations of the Employment Agreement are denied.

9. Denied. Further answering, CARS states that despite Glubke's breach of his contractual obligations, CARS discussed a severance arrangement with Glubke. Under the contemplated arrangement, CARS would continue to pay Glubke's salary for a period of time in exchange for a noncompetition covenant, among other things. The parties never finalized that agreement. The remaining allegations in this paragraph are denied.

10. Denied that the defendants had or failed to honor any payment obligation to Glubke.

11. Denied that the defendants had or failed to honor any payment obligation to Glubke.

12. Admitted that Jenzabar hired Middaugh as an at-will employee, in the position of Area Vice President – Major Accounts in or about March 2001. The other allegations in this paragraph, and any characterizations of the written agreements between the parties, are denied.

13. Denied.

14. Admitted that Jenzabar terminated Mr. Middaugh's at-will employment on or about February 2002. Among other things, Mr. Middaugh had failed miserably to meet his sales quotas and had told others that he had no intention of doing any work but would simply continue to draw his paycheck until the company fired him.

15. Jenzabar is without sufficient knowledge or information to respond to the allegations in this paragraph, and thus denies them, and denies that it refused to reimburse Mr. Middaugh for any authorized, appropriate, reasonable, and necessary business expenses.

### COUNT I
### (Breach of contract – Mr. Glubke v. Defendants)

16. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 15, as if fully set forth herein.

17. Denied.

### COUNT II
### (Breach of Contract – Mr. Middaugh v. Jenzabar)

18. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 17, as if fully set forth herein.

19. Denied.

### COUNT III
### (Conversion – Mr. Middaugh v. Jenzabar)

20. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 19, as if fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

## FIRST DEFENSE

The counterclaim fails to state a claim for conversion.

## SECOND DEFENSE

The counterclaims are barred by the doctrine of estoppel.

## THIRD DEFENSE

The counterclaims are barred by the doctrine of waiver.

## FOURTH DEFENSE

The counterclaims are barred by defendants' unclean hands.

## FIFTH DEFENSE

The counterclaims are barred by defendants' own breaches of contract.

## SIXTH DEFENSE

Jenzabar and CARS neither had nor breached any of the obligations alleged by defendants.

## SEVENTH DEFENSE

Defendant Glubke's breach of contract claims are barred because there was no enforceable contract between the parties.

## EIGHTH DEFENSE

Defendant Glubke's breach of contract claim is barred because the alleged contract on which the claim is based was not supported by consideration.

## NINTH DEFENSE

Defendant Glubke's breach of contract claims are barred because the alleged contract on which his claim is based violated public policy and was unenforceable.

**TENTH DEFENSE**

The allegations in the counterclaim are wholly insubstantial, frivolous, and not advanced in good faith, in violation of Mass. Gen. L. c. 231, § 6F.

**COUNTERCLAIMS**

**COUNT VII**
**INDEMNIFICATION (Michael Glubke)**

1. Jenzabar and CARS re-state and re-allege all of the allegations contained in Paragraphs 1 through 83 of the Amended Complaint.

2. During the course of his employment with Jenzabar, defendant Middaugh reported directly to defendant Glubke.

3. Defendant Glubke had responsibility for approving or denying defendant Middaugh's requests for reimbursement of business expenses, including, upon information and belief, the requests for reimbursement that Middaugh claims were wrongly denied.

4. In Counts II and III of his counterclaim, defendant Middaugh does not identify with specificity the requests for reimbursement that Jenzabar allegedly wrongly denied or the funds allegedly converted, but if those requests were denied, as defendant Middaugh alleges, then, upon information and belief, those requests were denied by defendant Glubke.

5. To the extent that CARS and/or Jenzabar are held liable to defendant Middaugh for conversion or for failing to reimburse him for reasonable, necessary, and appropriate business expenses, as alleged in Counts II and III of defendant Middaugh's counterclaim, and to the extent that those requests were denied by defendant Glubke, Glubke breached his duties to CARS and/or Jenzabar, and is required to indemnify CARS and/or Jenzabar against any damages that they incur as a result of such breaches, including, but not limited to, the costs and reasonable attorneys' fees that they incur in investigating and defending defendant Middaugh's claims.

## COUNT VIII
## RESTITUTION/UNJUST ENRICHMENT (Michael Glubke)

6. Jenzabar and CARS re-state and re-allege all of the allegations contained in Paragraphs 1 through 83 of the Amended Complaint and Paragraphs 1 through 5 of this Counterclaim.

7. In the spring of 2002, Glubke and Jenzabar and CARS discussed the issue of a severance arrangement for Glubke.

8. Specifically, the parties discussed a potential arrangement whereby Glubke would continue to receive his base salary in exchange for an agreement that he would not engage in competing activities. The parties intended that any severance arrangement would be reduced to writing, and they even exchanged drafts of a written agreement that set out the terms of their contemplated severance arrangement.

9. Despite Glubke's breaches of his own contractual and fiduciary obligations, and despite his failure to give the notice required by his employment agreement, Jenzabar and CARS continued to pay Glubke his salary for approximately four months following his purported resignation. Jenzabar and CARS made these payments in good faith reliance on Glubke's assurances that he would enter a noncompetition agreement, with the express understanding that those severance payments would be part of the contemplated severance arrangement under discussion.

10. The parties never completed their discussions or reached a final and binding written agreement, however, as they had intended.

11. Jenzabar and CARS also learned that, because Glubke had moved to California, Glubke would not be able to provide an enforceable non-competition agreement as he had promised.

12. Accordingly, Glubke never provided and would not be able to provide the consideration that was the basis for the severance payments that Jenzabar and CARS made to him.

13. Glubke has been unjustly enriched by these severance payments, to the substantial detriment of Jenzabar and CARS.

14. Glubke is obligated to pay restitution to Jenzabar and CARS by returning the severance payments that he received.

## **REQUEST FOR RELIEF**

In addition to the relief requested in the Amended Complaint, Jenzabar and CARS respectfully pray that this Court:

1. Enter judgment in favor of Jenzabar and CARS and against defendants Glubke and Middaugh on all of the counts in defendants' counterclaim; and

2. Alternatively, to the extent that Jenzabar and/or CARS are held liable to defendant Middaugh on Count II and/or Count III of his counterclaim, enter a corresponding judgment in favor of Jenzabar and/or CARS and against defendant Glubke on Count VII, awarding Jenzabar and/or CARS indemnification against any damages incurred as a result of Glubke's breaches; and

3. Enter a judgment in favor of Jenzabar and CARS and against defendant Glubke on Count VIII of this counterclaim, ordering Glubke to pay restitution to Jenzabar and CARS for the severance payments that he received and by which he has been unjustly enriched; and

4. Award Jenzabar and CARS their attorneys' fees, costs, interest, and enhanced, special, statutory, and/or punitive damages to the fullest extent allowed by law; and

5. Grant Jenzabar and CARS such other and further relief as this Court may deem just and proper.

**<u>JURY DEMAND</u>**

Jenzabar and CARS hereby demand a trial by jury on all claims so triable.

                                        Respectfully submitted,

                                        JENZABAR, INC. and CARS INFORMATION SYSTEMS CORP.,

                                        By their attorneys,

                                        /s/ Edward J. Naughton
                                        Edward J. Naughton (BBO #600059)
                                        Daniel K. Hampton (BBO #634195)
                                        HOLLAND & KNIGHT LLP
                                        10 St. James Avenue
                                        Boston, MA  02116
                                        (617) 523-2700

Dated:    August 19, 2004
              Boston, Massachusetts